# United States District Court
# Northern District of Indiana

| | |
|---|---|
| DONTY LEDEL SIMMONS, | ) |
| | ) |
| Petitioner, | ) |
| | ) Civil Action No. 3:08-CV-550 JVB |
| v. | ) |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

Donty Ledel Simmons, a *pro se* prisoner, filed a motion to reconsider the Court's dismissal of this case. The Court construes the motion to be a motion under Federal Rule of Civil Procedure 59(e).

When the court dismissed this case, it stated that habeas relief was unavailable because Simmons' petition did not state that he had lost any earned credit time as a result of the disciplinary proceeding. He now states that he lost 60 days and that it was an oversight to have not presented this information in his original petition. Mindful of the mistake, the court will grant the motion, reopen this case, and consider the merits of the habeas corpus petition.

On September 3, 2008, in case number WCC 08-08-0526, the Westville Correctional Facility Disciplinary Hearing Body (DHB) found Simmons guilty of Intimidation/Threatening in violation of B-213. Simmons was charged with threatening a guard from the IC holding cell on August 20, 2008. He argues that he was not in the IC holding cell on August 20, 2008, but rather the next day on August 21, 2008. To the extent that this is a scrivener's error, Simmons was not denied due process because he was provided with sufficient facts to inform him of the behavior with which he was charged as required by *Wolff v. McDonnell*, 418 U.S. 539 (1974). The conduct report states

> On the above date and approximate time, I entered the IC squadroom. Offender Simmons, Donty # 942492 was in the IC holding cell. He said, "I'm going to fuck you up bitch." This was just one line in a string of vulgarities and threats.

(DE 1-2 at 4.) Even if the date was mis-identified, Simmons nevertheless had adequate notice of the charge against him and the ability to marshal a defense to that charge. Therefore, he was not denied due process.

To the extent that the DHB concluded that the threat was made on August 20, 2008, this court will not " conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotations marks and citation omitted). Here, the conduct report alone is sufficient to provide some evidence that Simmons threatened a guard on August 20, 2008. Though there may be other evidence in the full record which indicates that Simmons was not in the IC holding cell on August 20, 2008, "[t]he Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 457 (1985).

Finally, Simmons argues that the DHB was biased because his hearing was conducted by only one person rather than by a three member board. But since Simmons does not allege that the factfinder was in any way involved in the incident or its investigation, he has not presented a legitimate claim of bias. *See Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003) ("Adjudicators are entitled to a presumption of honesty and integrity and thus the constitutional standard for impermissible bias is high. CAB members are not deemed biased simply because they presided over a prisoner's previous disciplinary proceeding."); *Gaither v. Anderson*, 236 F.3d 817, 820 (7th Cir.

2000) ("To guard against arbitrary decision making, the impartiality requirement mandates disqualification of a decision maker who is directly or substantially involved in the incident underlying a prison disciplinary hearing, but it does not require disqualification of a decision maker who is only 'tangentially involved.'"). Furthermore, though *Wolff* requires an impartial decision maker, it does not require a multi-member rather than a single-member factfinder. *See White v. Indiana Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) ("*Baxter v. Palmigiano*, 425 U.S. 308 (1976), warns the courts of appeals not to add to the procedures required by *Wolff*, which, *Baxter* held, represents a balance of interests that should not be further adjusted in favor of prisoners."). Because Simmons was not entitled to a multi-member DHB, it was not a due process violation to have held his disciplinary hearing with only one factfinder.

Because the habeas corpus petition does not present any basis for habeas corpus relief, the petition will be dismissed. *See* Section 2254 Habeas Corpus Rule 4 ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

For the foregoing reasons, the court:

(1) **GRANTS** the motion to reconsider (DE 7);

(2) **VACATES** the order of dismissal (DE 3) and judgment (DE 4); and

(3) **DENIES** the habeas corpus petition pursuant to Section 2254 Habeas Corpus Rule 4.

**SO ORDERED** on February 12, 2009.

                                                s/ Joseph S. Van Bokkelen
                                                Joseph S. Van Bokkelen
                                                United State District Judge
                                                Hammond Division